CITY OF BANGOR, *Petitioners for certiorari, versus* COUNTY COMMISSIONERS OF PENOBSCOT COUNTY.

How far the introduction of one statute remedy is the exclusion of another; —

Where a city charter gives an appeal to the *District* Court, to persons aggrieved by the doings of the city authorities as to damages done by the location of streets and ways, the appellate jurisdiction, given by the general law to county commissioners, upon that subject, is taken away.

Where the county commissioners have rendered a judgment in a matter, of which they had no jurisdiction, this Court cannot refuse to grant a *certiorari.* Proofs that no injustice was done, cannot be received.

The authority given to county commissioners by R. S. chap. 25, sect. 31, relative to the assessment of damages created by the location of roads, is limited to roads established under the provisions of that chapter.

PETITION for a writ of *certiorari,* to the county commissioners of Penobscot. The petition, in substance, alleges that a way was duly laid out by the street engineers, a part of which was located over the land of *Henry Warren,* and they adjudged that he was not entitled to any damages. Warren petitioned the county commissioners for a jury to ascertain his rights; and the commissioners adjudged that a jury should be empanneled, which was done. The jury awarded *damages to* the petitioner of one hundred and four dollars. That sum, with costs $157,28, the city was ordered to pay.

Among the reasons set forth in the petition for quashing the proceedings of the commissioners, one was, that they had no jurisdiction.

*Cutting,* for respondents, argued that the commissioners had jurisdiction. The city charter, § 6, gives to the city council the same powers in relation to ways, that the Revised Statutes give to selectmen of towns; each having the exclusive right to lay out, establish, &c. within their respective orbits;

and in the first instance to estimate the damage. But when any person shall be aggrieved by the determination of either tribunal, then the Revised Statutes contemplate an application to the county commissioners.

It is true that § 6 of the city charter provides that the party aggrieved by the decision of the city council may appeal to the Common Pleas, so far as it relates to damages ; " *may appeal,*" that is he may appeal, or he may apply to the commissioners for a jury. The course is optional with the party, and the party usually would select a jury who go upon the ground, in preference to the one who receive evidence in Court.

But the petitioners fail in one essential particular. They have not shown that they have suffered any damages, or that aught but strict justice has been done to them. In *Cushing* v. *Gay*, 23 Maine, 12, the Court say, " Again, if the error complained of exists, yet, if it nowise operates to the injury of the party seeking a remedy, the Court may in such case, with entire propriety, and in the exercise of a sound and legal discretion refuse its aid."

And why should a party complain, if he has suffered no damages ? Or ask aid when he needs none, or has suffered nothing ? Let this be the criterion, and your tribunal is safe from needless importunity by way of experimental litigation.

*Peters*, solicitor for city.

SHEPLEY, C. J. — This is an application for a writ of *certiorari* to bring up a record of the proceedings of the county commissioners, on the petition of Henry Warren, praying that the damages occasioned by the location of a way over his land may be assessed by a jury. Upon that petition, jurors were summoned and such proceedings were had, that the petitioner obtained a judgment for an increase of damages, with costs.

By the sixth section of the act passed on February 12, 1834, incorporating the city of Bangor, the city council had the exclusive right to lay out streets or ways within the city,

and to estimate in the first instance, the damages thereby occasioned.

The same section also provided, that "any person aggrieved by the decision of the city council, may, so far as relates to damages, appeal therefrom to any Court of Common Pleas, within the county of Penobscot, which may be held within six months from and after such decision, which court is hereby empowered to hear and determine the same by a committee, if the parties agree thereto, or by a jury."

For the respondents it is contended, that this jurisdiction is concurrent with that conferred upon the county commissioners, that the party, "may so far as relates to damages, appeal therefrom," or omitting to do so may by a petition, apply to the county commissioners, by virtue of the statute, chap. 25, § 31. The provisions of that section would by the statute, chap. 1, § 17, be so enlarged as to embrace the action of city authorities in the location of ways, "unless such construction would be repugnant to the provision of any act, specially relating to them." But the provisions of the thirty-first section, cannot thereby be made applicable to the assessment of damages occasioned by the location of ways not laid out by virtue of the provisions of that chapter. The provisions of that section are applicable only to ways laid out by virtue of the provisions of that chapter. Ways in the city of Bangor are not laid out by virtue of the provisions of that chapter, but by virtue of the provisions contained in the city charter. The modes of proceeding for the location of ways, and for the first assessment and subsequent increase of damages, are in the two cases, essentially different.

The Revised Statutes have been enacted since the city charter was granted, but the right of the city to have ways located and the damages occasioned thereby assessed, according to the provisions of its charter, is not thereby impaired. It is provided by the fifth section of the general repealing act, that no private act not repealed, shall be affected by the provisions of the Revised Statutes, unless the provisions be different from the former general law on the same subject.

The presence and participation of the parties in the proceedings before the county commissioners could not confer it; and the commissioners had therefore no jurisdiction or power to entertain a petition and cause a jury to be summoned, and damages to be assessed occasioned by the location of a way in the city of Bangor.

If such be the conclusion, it is insisted, that the Court in the exercise of a legal discretion will not direct the writ to be issued, because no injustice appears to have been done. That rule is applicable to cases, in which the tribunal had jurisdiction of the subject matter, upon which it acted informally or illegally ; but not to cases over the subject matter of which the tribunal assuming to act had no jurisdiction. The wrong and injury in such cases, consist in the assumption by the tribunal of an authority and in the exercise of it, not by law conferred upon it. *Writ granted.*